UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ANTHONY JOHNSON,

       Plaintiff,

          v.                             Case No. 14-cv-1022-JPG-SCW

CHIEF NICK GAILIUS, CITY OF
FAIRVIEW HEIGHTS, OFFICER
BRANDON STRICKLAND, OFFICER
DREW RITTER, OFFICER DURT SCHUTZ
and OFFICER JEFFREY BLAIR,

       Defendant.

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff Anthony Johnson's motion to remand this case to the Circuit Court for the Twentieth Judicial Circuit, St. Clair County, Illinois (Doc. 6). The defendants have responded to the motion (Doc. 7).

Johnson originally filed this case in state court alleging a cause of action under 42 U.S.C. § 1983 as well as various state law and state constitutional provisions.   Spotting a federal question presented by the cause of action under § 1983, the defendants removed this case to federal court. *See* 28 U.S.C. § 1441(a).   Johnson now asks the Court to remand the case to state court on the grounds that the state court has jurisdiction to decide federal questions under § 1983, that it would be more efficient to litigate in St. Clair County, and that the defendants would not be harmed by a remand.   In response, the defendants argue that jurisdiction is proper before this Court as well as before the state court and that the case should remain in this forum.

The defendants are correct that this Court has jurisdiction to hear this case.   A defendant may remove to federal court a case filed in state court if the federal court would have had original jurisdiction to hear a claim in the case when the plaintiff originally filed it.   28 U.S.C. § 1441(a);

*Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009).   The Court would have had original jurisdiction to hear this case when Johnson originally filed it because it contains a federal question, namely, a cause of action arising under § 1983, and related causes of action.   *See* 28 U.S.C. §§ 1331 (federal question jurisdiction) & 1367(a) (supplemental jurisdiction). Furthermore, the defendants have a statutory right to remove a case if it satisfies the requirements of 28 U.S.C. § 1441.   This is true even if the state court has concurrent jurisdiction over the case or it would be more convenient to try the case in state court.   *See, e.g., Floeter v. C.W. Transp., Inc.*, 597 F.2d 1100, 1102 (7th Cir. 1979).

The defendants in this case have exercised their statutory right to remove this case, and the plaintiff has not pointed to any substantive or procedural defect in that removal.   Therefore, there is no basis for remand to state court.   Accordingly, the Court **DENIES** the plaintiff's motion to remand (Doc. 6).

**IT IS SO ORDERED.**
**DATED:   November 17, 2014**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
